In the Matter of the Last Will and Testament of JOSEPHINE GRENIEWICH, Also Known as JOZEFA GRYNIEWICZ, Deceased. YONKERS SAVINGS BANK, Appellant; FELIKSA ROGALSKA, as Executrix, etc., of JOSEPHINE GRENIEWICH, Also Known as JOZEFA GRYNIEWICZ, Deceased, Respondent.— Decree of the Surrogate's Court of Westchester county, in so far as it adjudges and decrees that the trust established by Josephine Greniewich for her daughter Prahseda Stanishroska in the Yonkers Savings Bank was revoked by the last will and testament of the decedent and belongs to the estate of said decedent, and in so far as it directs

payment of the proceeds of said trust to the executrix of the decedent, reversed on the law and the facts and the matter remitted to the surrogate to proceed further as the parties may be advised, with costs to be allowed by the surrogate on the final determination. This proceeding has to do with a deposit by a mother, now deceased, of her money in a bank account in trust for her only surviving daughter, residing in Russia, who, it seems, never was in the United States. Decedent, by her will bearing date April 27, 1932, and made subsequent to her bank deposit trust, directed the payment of all debts and funeral expenses; directed her executrix to make arrangements for and have charge of her funeral; made a bequest of $100 to a priest; and gave all the residue of her estate to her said daughter. At the time of making this will, testatrix owned property not subject to any bank deposit trust. Nothing in the will discloses an intent by testatrix to revoke the pre-existing bank deposit trust; nor do we find its revocation by implication. The presumption of title in the daughter has not been overcome by proof. In the absence of further proof, the trust ripened and became irrevocable on the death of the testatrix inasmuch as it had not been revoked in the latter's lifetime. (*Matter of Totten*, 179 N. Y. 112.) It seems the appellant savings bank already has paid the moneys on deposit in question to the daughter. Whether such payment was justified has not been determined and we do not determine it, nor do we determine whether the daughter is properly before the court. The daughter is liable for the reasonable expense of the burial of her mother. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.